―――――o―――――

## No. 6397.

## PONTCHARTRAIN RAILROAD COMPANY vs. NATIONAL REALTY COMPANY, LTD.

### Syllabus.

A defense urged by an appellant for the first time in this Court and in direct conflict with his express admission in the trial Court will not be considered.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 104,684. Honorable F. D. King, Judge.

Emile Pomes, Denegre, Blair & Chaffe, for plaintiff and appellee.

Benjamin Ory, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Certain property belonging in indivision to plaintiff and defendant was sold for taxes on July 30th, 1912, to one Zahn, who shortly thereafter executed a deed of sale or redemption of the entire property in favor of defendant. In order to preserve its right of co-ownership the plaintiff has offered to reimburse to defendant its due proportion of the taxes, costs, expenses, etc., but the latter has declined to accept same or to recognize any right or interest in the property in plaintiff's favor.

And now by this suit, instituted within a year after the tax sale, plaintiff seeks to have its right of co-ownership recognized upon reimbursing to defendant its proportion of the taxes, etc., as aforesaid, and likewise to secure a judicial partition of the property held in common between them. The trial Court gave plaintiff judgment as prayed for and defendant appeals.

The objection that plaintiff's president is without authority to institute this suit, is disposed of by proof of a formal resolution of the Board of Directors conferring upon the president the specific authority to represent the company in "any and all legal proceedings which in his judgment it might be necessary to institute, prosecute or defend on its behalf."

Defendant next contends that the Court should not permit plaintiff to establish its title because to do so would be to assist it in violating the constitutional provision which prohibits a corporaton to "take or hold any real estate for a longer period than ten years, except such as may be necessary and proper for its legitimate business or purposes." Constitution of 1898, Art. 265; Constitution of 1879, Art. 236.

But defendant has utterly failed to show that this provision has any application whatever to the present case.

There is no proof as to the character of the property, nor the use to which it is now or has been put, nor even as to who holds or has held possession of it. For all that appears in the record it may be that the property not only is necessary to the conduct of plaintiff's business but likewise is now and always has been devoted to that end. Consequently it is impossible with the record in this state to hold that the constitutional prohibition will be violated.

Finally the contention is made that plaintiff is without title because the property was forfeited to the State for the taxes of 1876 and 1877. Without examining into its merits, it is sufficient to state that it is a defense made for the first time in this Court and cannot be considered for the additional reason that it is in conflict with defendant's answer which admits that plaintiff retained title until divested by the tax sale of July 30th, 1912.

We find no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, June 14th, 1914.